AO 442 11/11 (Rev. 11/11) Arrest Warrant

RECEIVED
US MARSHALS SERVICE
2016 JAN -6 PM 4: 39
WESTERN NORTH CAROLINA

# UNITED STATES DISTRICT COURT
for the
Western District of North Carolina

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. 0419 3:15CR00248-001 |
| | ) | |
| Jerell Mulkey | ) | |
| Defendant | ) | |

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)* Jerell Mulkey,

who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment  ☐ Superseding Indictment  ☐ Information  ☐ Superseding Information  ☐ Complaint

☐ Probation Violation Petition  ☒ Supervised Release Violation Petition  ☐ Violation Notice  ☐ Order of the Court

This offense is briefly described as follows: See Petition for Warrant.

Date: 1-6-16

City and state: Charlotte NC

*Issuing officer's signature*

Frank G. Johns, Clerk of Court.
*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____ at *(city and state)* _____. |
| Date: _____ |
| *Arresting officer's signature* |
| *Printed name and title* |

Case 4:16-mj-00031 Document 1 Filed in TXSD on 01/08/16 Page 2 of 7

United States Courts
Southern District of Texas
FILED
*January 08, 2016*

David J. Bradley, Clerk of Court

PROB 12C (NCW Rev. 1/13)

# UNITED STATES DISTRICT COURT
Western District of North Carolina

H 16-31M

### Petition for Warrant for Offender Under Supervision

Name of Offender: Jerell Mulkey        Case Number: 0419 3:15CR00248-001

Name of Sentencing Judicial Officer: The Honorable Jerome B. Simindale, U.S. District Court Judge

Name of Reassigned Judicial Officer: The Honorable Frank D. Whitney, Chief U.S. District Court Judge

Date of Original Sentence: 7/9/2010        Register Number: 43591-279        PACTS Number: 24808

Original Offense:   Count One: Bank Robbery, 18 U.S.C. 2113(a) – a Class C Felony
                    Count One – Five: Bank Robbery, 18 U.S.C. 2113(a) – a Class C Felony

Original Sentence:  Imprisonment for a term of 78 months, on Count One of Criminal Docket No. 10-00092-01 and terms of 78 months on each Count One through Five of Criminal Docket No. 10-00176-001, all counts to be served concurrently, for a total sentence of 78 months. Special Conditions: 1) Special Assessment: $600.00 (paid); 2) Restitution:  $30,300 (Balance: $14,225.00) 3) Gambling Restrictions and Registration on Exclusion List: You shall refrain from all gambling activities, legal or otherwise, to include the purchase or receipt of lottery tickets. You shall register on the self-exclusion lists maintained by the New Jersey casino control commission and race track commission within sixty days of the commencement of supervision and remain on these lists for the duration of supervision. The probation officer shall supervise your compliance with this condition.

4) Mental Health Treatment: You shall undergo treatment in the mental health program approved by the United States Probation Office until discharged by the court. As necessary, said treatment may also encompass treatment for gambling, domestic violence, and/or anger management, as approved by the United States Probation Office, until discharged by the court. (Complete) The probation officer shall supervise your compliance with this condition. 5) Restrictions from entering gambling establishments: You shall not enter any gambling establishment without the permission of the U.S Probation Office and/or the court.

Prior Revocations:    None

Prior Modifications:  None

Type of Supervision:  Supervised Release        Date Supervision Commenced:  January 30, 2015

Assistant U.S. Attorney: Stephen  Stigall        Defense Attorney:   James  Leonard

## PETITIONING THE COURT

☒ To issue a warrant
☐ To issue a summons

BOND RECOMMENDATION:   Detention:  In light of the violations detailed herein, as well as the external circumstances surrounding the offender, it is possible that the safety of the offender, third parties and the supervising officer will be an issue.

The probation officer believes that the offender has violated the following condition(s) of supervision:

PROB 12C                         2                    Jerod Mulkey
0312 3:15CR00249-001

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. | **FAILURE TO COMPLY WITH DRUG TESTING / TREATMENT REQUIREMENTS (Date violation concluded: 9/10/2015).**<br>The defendant has violated the condition of supervision that states, "The defendant shall participate in a program of testing and treatment or both for substance abuse if directed to do so by the probation officer, until such time as the defendant is released from the program by the probation officer; provided, however, that defendant shall submit to a drug test within 15 days of release on probation or supervised release and at least two periodic tests thereafter for use of any controlled substance, subject to the provisions of 18 U.S.C. § 3563(a)(4) or 18 U.S.C. § 3583(d), respectively. The defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or monitoring which is (are) required as a condition of supervision," in that, the defendant failed to report for random urinalysis testing on 9/10/2015. (Grade C Violation) |
| 2. | **FAILURE TO REPORT TO PROBATION OFFICER AS INSTRUCTED (Date violation concluded: 9/16/2015).**<br>The defendant has violated the condition of supervision that states, "The defendant shall report in person to the probation officer as directed by the Court or probation officer and shall submit a truthful and complete written report within the first five days of each month," in that, on 9/9/2015, this officer had a phone conversation with the defendant and instructed him to report to the office on 9/16/2015 at 8:00 am for an office visit. The defendant failed to report as instructed. (Grade C Violation) |
| 3. | **UNAUTHORIZED TRAVEL (Date violation concluded: 9/14/2015).**<br>The defendant has violated the condition of supervision that states, "The defendant shall not leave the Western District of North Carolina without permission of the Court or the probation officer," in that, the defendant left the Western District of North Carolina on or about 9/14/2015 as evidenced by his arrest in North Houston Texas on 9/14/2015. (Grade C Violation) |
| 4 | **FAILURE TO REPORT CONTACT WITH LAW ENFORCEMENT OFFICER (Date violation concluded: 7/3/2015).**<br>The defendant has violated the condition of supervision that states, "The defendant shall notify the probation within 72 hours defendant's being arrested or questioned by a law enforcement officer," in that, on 7/3/2015, the defendant was pulled over in Jefferson County, Texas and issued a warning ticket and failed to notify his officer of this contact with law enforcement as required. (Grade C Violation) |
| 5. | **NEW LAW VIOLATION (Date violation concluded: 8/29/2015).**<br>The defendant has violated the condition of supervision that states, "The defendant shall not commit another federal, state, or local crime," in that, on 9/14/2014, the defendant was arrested and charged with Count One: Bank Robbery (18 U.S.C. 2113(a) – a Class C Felony) in the Southern District of Texas with an offense date of 8/29/2015. The defendant is currently in custody on this pending charge. (Grade A Violation) |
| 6 | **NEW LAW VIOLATION (Date violation concluded: 8/29/2015).**<br>The defendant has violated the condition of supervision that states, "The defendant shall not commit another federal, state, or local crime," in that, on 9/14/2014, the defendant was arrested and charged with Count Two: Attempted Bank Robbery (18 U.S.C. 2113(a) – a Class C Felony) in the Southern District of Texas with an offense date of 8/29/2015. The defendant is currently in custody on this pending charge. (Grade A Violation) |
| 7 | **NEW LAW VIOLATION (Date violation concluded: 8/1/2015).**<br>The defendant has violated the condition of supervision that states, "The defendant shall not commit another federal, state, or local crime," in that, on 9/14/2014, the defendant was arrested and charged with Count One: Bank Robbery (18 U.S.C. 2113(a) – a Class C Felony) in the Southern District of Texas with an offense date of 8/1/2014. The defendant is currently in custody on this pending charge. (Grade A Violation) |
| 8. | **NEW LAW VIOLATION (Date violation concluded: 9/142015).**<br>The defendant has violated the condition of supervision that states, "The defendant shall not commit another federal, state, or local crime," in that, on 9/14/2014, the defendant was arrested and charged with Count One: Bank Robbery (18 U.S.C. 2113(a) – a Class C Felony) in the |

PROB 12C                      3                   Jarell McCoy
0312 3:15CR00248-001

Southern District of Texas with an offense date of 9/14/2014. The defendant is currently in custody on this pending charge. (Grade A Violation)

9. **NEW LAW VIOLATION (Date violation concluded: 9/14/2015).**
The defendant has violated the condition of supervision that states, "The defendant shall not commit another federal, state, or local crime," in that, on 9/14/2015, the defendant was arrested and charged with (F) Evade Arrest/Detention with a Vehicle in Houston Texas with an offense date of 9/14/2014. This charge is in connection with the above listed bank robbery and the defendant is currently in custody. (Grade B violation)

PROB 12C                                                                                        Jered Mackay
                                                                                              0312 3:15CR00249-001
                                    4

U.S. Probation Officer Recommendation:

The term of supervision should be
  ☒ revoked.
  ☐ extended for years, for a total term of years.

It is requested that access to this document be restricted to the U.S. Attorney until service; upon notification that service has been effected the document shall be made available to case participants only.

I declare under penalty of perjury that the foregoing is true and correct.

                Respectfully submitted,
                By  s/ John T. Holiday
                  John T. Holiday
                  U.S. Probation Officer
                  200 South College St
                  Suite 1650
                  Charlotte, NC 28202
                  704-350-7651
                  Date: January 5, 2016

Approved by:
s/ Keith S. Snyder II
Keith S. Snyder II
Supervising U.S. Probation Officer
704-350-7653

---

THE COURT ORDERS

☐ No Action
☒ The Issuance of a Warrant
☐ The Issuance of a Summons
☐ Other

                Date: January 6, 2016

                Signed: January 6, 2016

                _____
                David C. Keesler
                United States Magistrate Judge

**OFFENDER CHARACTERISTICS:**

<u>Family</u>: The defendant has family in Texas and New Jersey. He also has two children.

<u>Employment</u>: The defendant was working at Golden Gate LLC, however, due to the offender not reporting his employment status is unknown as of the date of this report.

<u>Financial</u>: The defendant was working at a job which paid minimum wage. However, it never appeared that the defendant had the motivation to attempt to secure better employment.

<u>Health</u>: The defendant has no known health problems.

<u>Summary of Defendant's Adjustment to Supervision</u>: The defendant started his supervision on a fairly positive note. He was always polite and respectful to this officer. He also worked fairly consistently. The defendant reported for drug screens as required and all drug screens were negative. However, as evidenced by his new charges the defendant appears to have resorted back to criminal activity and revocation proceeding are necessary at this time.

<u>Summary of Officer Intervention</u>: No intervention was required until the request of a warrant from the Court.

<u>Prior Record</u>: Attached is Part B of the Presentence report outlining this defendant's prior record.

**STATUTORY PROVISIONS:**

If the Court finds that the defendant has violated the conditions of supervised release, it may modify the conditions, extend the term of supervision (if less than the maximum authorized term was previously imposed), or revoke the term of supervision, all according to 18 U.S.C. § 3583(e). If the Court revokes the term of supervised release, it may require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release, without credit for time previously served on post-release supervision. Since the original offenses were Class C felonies, the defendant cannot be required to serve more than two years in prison, per count, pursuant to 18 U.S.C. § 3583(e)(3).

Additionally, if the defendant possesses a controlled substance, possesses a firearm, refuses to comply with drug testing, or as part of drug testing, tests positive for illegal controlled substances more than 3 times over the course of 1 year, 18 U.S.C. § 3583(g) directs the Court to revoke supervised release and sentence the defendant to a term of imprisonment not to exceed the maximum term authorized by statute. However, the Court, acting in accordance with the sentencing guidelines, has the authority to except an offender who fails a drug test from the mandatory revocation provisions pursuant to 18 U.S.C. § 3583(d). This provision states "...The Court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with the USSC guidelines from the rule of 18 U.S.C. § 3583(g), when considering any action against a defendant who fails a drug test."

Additionally, when the term of supervised release is revoked, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. Pursuant to the PROTECT Act, the length of such term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. Therefore, since the original offense is a Class C felony, the Court may impose a new term of supervised release of 36 months per count, less any term of imprisonment that is imposed upon revocation of supervised release.

Pursuant to the Mandatory Victims Restitution Act of 1996 and 18 U.S.C § 3663A, payment of restitution is mandatory.

**GUIDELINE PROVISIONS:**

Violations 5, 6, 7, and 8 listed above are Grade A violations pursuant to 7B1.1(a)(1). According to 7B1.3(a)(1), upon a finding of a Grade A violation, the Court shall revoke supervised release. The Revocation Table at 7B1.4(a) provides for a guideline range of 12-18 months imprisonment for a Grade A violation with a criminal history category of I.

Violation 9 listed above is a Grade B Violation pursuant to 7B1.1(a)(2). According to 7B1.3(a)(1), upon a finding of a Grade B violation, the Court shall revoke supervised release. The Revocation Table at 7B1.4(a) provides for a guideline range of 4-10 months imprisonment for a Grade B violation with a criminal history of I.

PROB 12C                                               6                                    Jerell Mackay
                                                                                       0312 3:15CR00249-001

Violations 1, 2, 3, and 4 listed above are Grade C violations pursuant to 7B1.1(a)(3). According to 7B1.3(a)(2), upon a finding of a Grade C violation, the Court may (A) revoke supervised release; or (B) extend the term of supervised release and/or modify the conditions of supervision. The Revocation Table at 7B1.4(a) provides for a guideline range of 3-9 months imprisonment for a Grade C violation with a criminal history category of I.

The Policy Statement of 7B1.3(e) also recommends that the sentence of imprisonment be increased by the amount of time of official detention that will be credited towards service of that term under 18 U.S.C. § 3585(b) other than time resulting from the supervised release warrant or proceeding. Since there is no official detention adjustment necessary for the defendant, the imprisonment range is 12-18 months on the Grade A Violations, 4-10 months on the Grade B Violation, and 3-9 months on a Grade C Violation.

Pursuant to 7B1.3(g)(2), where supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the Court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

Submitted this 5th day of January, 2016

                                                    by      s/ John T. Holiday
                                                            John T. Holiday
                                                            U.S. Probation Officer
                                                            200 South College St
                                                            Suite 1650
                                                            Charlotte, NC 28202
                                                            704-350-7651

Approved by:   s/ Keith S. Snyder II
               Keith S. Snyder II
               Supervising U.S. Probation Officer
               704-350-7653

cc:   AUSA
      Defense Counsel